# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN GRAVLEY, SR., TYRONE BANKS, BARBARA WELZENBACH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>FRESENIUS VASCULAR CARE, INC. d/b/a AZURA VASCULAR CARE,<br><br>Defendant. | Master File No. 2:24-cv-01148-MMB<br><br>CLASS ACTION |

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

The Court, having considered all matters submitted to it at the preliminary approval hearing and otherwise, and finding no just reason for delay in entry of this Preliminary Approval Order,[1] and good cause appearing therefore, and having considered the papers filed and proceedings held in connection with the Settlement, having considered all the other files, records, and proceedings in the Action, and being otherwise fully advised,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

**PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

1. The Settlement Agreement, attached to Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion for Preliminary Approval") as Exhibit 1 is incorporated fully herein by reference.

---

[1] Unless otherwise indicated or defined separately herein, all capitalized terms share the same definitions as those terms are defined in the Settlement Agreement.

2. The Court has jurisdiction over the claims at issue in this lawsuit, Plaintiffs Steven Gravley, Sr, Tyrone Banks, and Barbara Welzenbach, individually and on behalf of all others similarly situated, and Defendant Fresenius Vascular Care, Inc. d/b/a Azura Vascular Care.

3. This Order is based on Fed. R. Civ. P. 23.

4. The Court finds that the Parties' Settlement as set forth in **Exhibit 1** to Plaintiffs' Motion for Preliminary Approval of Class Action Settlement is fair, reasonable, and adequate, and falls within the range of possible approval, and was entered into after extensive, arm's-length negotiations, such that it is hereby preliminarily approved and notice of the Settlement should be provided to the Settlement Class.

## PROCEDURAL HISTORY

5. This case arises from a Data Breach experienced by Azura between September 27, 2023 and October 9, 2023. During the Data Breach, an unauthorized third-party potentially gained access to an Azura computer system and deployed ransomware. The information impacted may have included the data of approximately 334,000 individuals, of which a substantial majority are patients, former patients, and guarantors of patients. The compromised data may have included names, home addresses, dates of birth, and other demographic and contact information, including emergency contact information, Social Security numbers, driver's license and state ID numbers, provider identification numbers, insurance policy and guarantor information, diagnosis and treatment information, and other information from patient medical or billing records.

6. Beginning in March of 2024, two putative class actions were filed in this Court on behalf of persons whose information was compromised as part of the Data Breach. The Plaintiffs in these cases allege, *inter alia*, that Azura failed to take reasonable measures to safeguard the sensitive data entrusted to it. The Court entered an order on April 30, 2024 consolidating these

cases under the first-filed case caption, *Gravley, Sr. v. Fresenius Vascular Care, Inc. d/b/a Azura Vascular Care, Inc.*, and appointing Andrew W. Ferich of Ahdoot & Wolfson, PC and Benjamin F. Johns of Shub Johns & Holbrook LLP as interim co-lead counsel pursuant to Fed. R. Civ. P. 23(g). ECF No. 10.

7. Plaintiffs filed the operative Consolidated Complaint on May 30, 2024. ECF No. 16. The Consolidated Complaint asserts claims for negligence, negligence per se, breach of fiduciary duty, breach of implied contract, unjust enrichment, violations of consumer protection laws, breach of confidence, and seeks declaratory and injunctive relief. *Id.* Azura filed its motion to dismiss on July 15, 2024 seeking to dismiss the case in its entirety under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). ECF No. 17. Plaintiffs filed an opposition to Azura's motion on August 28, 2024. ECF No. 23.

## SETTLEMENT BENEFITS

8. The Settlement negotiated on behalf of the Class provides for a $3,150,000 non-reversionary Settlement Fund that will be used to pay for Administrative Expenses, taxes, and any Class Representative Service Awards and Fee Award and Costs. The remaining amount in the net settlement fund (the "Net Settlement Fund") will be used to pay for Approved Claims submitted by Class Members for Settlement Benefits. Class Members may submit a Claim Form for only one of the following Settlement Benefits:

a. <u>Documented Losses Payment</u>: Class Members may submit a Claim Form for a Documented Losses Payment seeking up to $10,000 per person for the reimbursement of documented losses supported by Reasonable Documentation. Documented Losses must be supported sufficiently to show that the claimed loss is more likely than not a result of the Data Breach. The Settlement Administrator will review these claims for compliance with the

requirements of the Settlement Agreement. Any claim for a Documented Loss Payment that is rejected, if not timely cured, will be considered for a Cash Fund Payment by the Settlement Administrator.

      b. <u>Cash Fund Payment</u>: Class Members may instead elect to receive a *pro rata* flat cash payment ("Cash Fund Payment"). The actual amount a Class Member will receive for this option may be more or less depending on the number of Approved Claims submitted. Settlement Class Members who submit a Claim for a Cash Fund Payment are not entitled to also select the Documented Loss Payment.

      9.     In addition to the monetary Settlement Benefits, Azura has made changes and enhancements to its data and information security posture, at its expense and separate from the Settlement Fund, which are designed to strengthen Azura's data and information security.

      10.    The Settlement Fund shall be used to make payments for the following: (i) Notice and Administrative Expenses; (ii) attorneys' fees and litigation costs and expenses (i.e., any Fee Award and Costs); (iii) Approved Claims for Documented Losses Payments, up to $10,000 per Claim; (iv) Approved Claims for Cash Fund Payments, to be paid on a *pro rata* basis; (v) any awarded Class Representative Service Awards; and (vi) taxes.

      11.    The Settlement Fund is non-reversionary. To the extent any monies remain in the Net Settlement Fund more than 120 days after the distribution of Settlement Payments, a subsequent Settlement Payment will be evenly made to all Settlement Class Members with Approved Claims for Cash Fund Payments who cashed or deposited the initial payment they received, assuming such payment is over $3.00. Should any amount remain in the Net Settlement Fund, 100% of the amount remaining in the Net Settlement Fund 45 days following the 180-day

check negotiation period and after all efforts to re-send returned Settlement payments have concluded, shall be given to the American Kidney Fund.

## SETTLEMENT CLASS CERTIFICATION

12. For purposes of settlement only, the Court provisionally certifies the Settlement Class, defined as follows:

> All natural persons whose Personal Information may have been compromised in the Data Breach disclosed by Azura, including all persons who were sent notice of the Data Breach. Excluded from the Settlement Class are: (1) the Judge(s) presiding over the Action and members of their immediate families and their staff; (2) Azura, its subsidiaries, parent companies, successors, predecessors, and any entity in which Azura or its parents, have a controlling interest, and its current or former officers and directors; (3) natural persons who properly execute and submit a Request for Exclusion prior to the expiration of the Opt-Out Period; and (4) the successors or assigns of any such excluded natural person.

13. The Court provisionally finds, pursuant Fed. R. Civ. P. 23(a) and (b), for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the Class Representatives' claims are typical of the claims of the Settlement Class; (d) the Class Representatives and Class Counsel will fairly and adequately protect the interests of the Settlement Class; and (e) the Court finds that the questions of law or fact common to the Class Members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## CLASS COUNSEL AND THE CLASS REPRESENTATIVES

14. Plaintiffs Steven Gravley, Sr., Tyrone Banks, and Barbara Welzenbach are hereby provisionally designated and appointed as the Class Representatives. The Court provisionally finds that the Class Representatives are similarly situated to absent Class Members and are typical of the Settlement Class, and, therefore, they will be adequate Class Representatives.

15. The Court finds that Andrew W. Ferich of Ahdoot & Wolfson, PC and Benjamin F. Johns of Shub Johns & Holbrook LLP are experienced and adequate counsel, and are provisionally designated as Class Counsel.

## NOTICE TO SETTLEMENT CLASS

16. No later than 35 days after the entry of the Preliminary Approval Order (i.e., the Notice Date), or such other time as may be ordered by the Court, the Settlement Administrator shall disseminate the Notice to the Settlement Class as follows:

    a. For any Class Member for whom an email address is reasonably available, the Settlement Administrator will send the Summary Notice via email;

    b. For any Class Member for whom a physical address is reasonably available, the Settlement Administrator will send the Summary Notice (in postcard form) by U.S. mail, postage prepaid;

    c. In the event the Settlement Administrator transmits a Notice via U.S. Mail, then the Settlement Administrator shall perform any further investigations deemed appropriate by the Settlement Administrator, including using the National Change of Address ("NCOA") database maintained by the United States Postal Service, in an attempt to identify current mailing addresses for individuals or entities whose names are provided by Azura;

    d. For any Notice that has been mailed via U.S. mail and returned by the Postal Service as undeliverable, the Settlement Administrator shall re-mail the notice to the forwarding address, if any, provided by the Postal Service on the face of the returned mail;

    e. At the direction and discretion of the Parties, the Settlement Administrator shall perform reasonable address traces for those postcard Summary Notices that are

returned as undeliverable. If the Parties elect remailing, then no later than 45 days before the original date set for the Final Approval Hearing, the Settlement Administrator shall complete the re-mailing of postcard Summary Notice to those Class members whose new addresses were identified as of that time through address traces. The Parties have the discretion to elect alternative means of Class Member notice in lieu of re-mailing postcard notices; and

        f.      Neither the Parties nor the Settlement Administrator shall have any other obligation to re-mail individual notices that have been mailed.

17.     Prior to any dissemination of the Notice and prior to the Notice Date, the Settlement Administrator shall cause the Settlement Website to be launched on the internet. The Settlement Administrator shall create, maintain, and periodically update the Settlement Website. The Settlement Website shall contain information regarding how to submit Claim Forms (including submitting Claims Forms electronically through the Settlement Website) and relevant documents, including, but not limited to, the Long Form Notice, the Claim Form, the Settlement Agreement, the Preliminary Approval Order entered by the Court, and the operative Complaint, as well as the date, time, and place of the Final Approval Hearing. The Settlement Website shall also include a toll-free telephone number and mailing address through which Class Members may contact the Settlement Administrator directly.

18.     The Long Form Notice, Summary Notices (postcard Notice and email Notice), and Claim Form, attached as Exhibits D, F, and A, respectively, to the Settlement Agreement, are constitutionally adequate and are hereby approved. The Notice contains all essential elements required to satisfy federal statutory requirements and due process. The Court further finds that the form, content, and method of providing the Notice, as described in the Settlement Agreement,

including the exhibits thereto: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated to apprise Class Members of the pendency of the Action, the terms of the Settlement, their rights under the Settlement, including, but not limited to, their rights to object to or exclude themselves from the Settlement; and (c) are reasonable and constitute due, adequate, and sufficient notice to all Class Members.

19. The Notice Plan set forth in the Settlement Agreement provides the best notice practicable under the circumstances, and is hereby approved.

20. The Settlement Administrator is directed to carry out Notice and the Notice Plan, as set forth in the Settlement Agreement.

## **OPT-OUT AND OBJECTIONS**

21. Class Members may submit a request to opt-out or object to the Settlement within 60 days after the Notice Date. Any Class Member may submit a request to opt-out of the Settlement at any time during the Opt-Out Period by adhering to the requirements of Section 6.8 of the Settlement Agreement. Any individual in the Settlement Class who does not timely and validly request to opt-out shall be bound by the terms of the Settlement Agreement even if he or she does not submit a valid claim.

22. Opt-outs may only be on an individual basis, and no person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs. Any Class Member who timely requests exclusion shall not: (i) be bound by any Final Approval Order or the Judgment; (ii) be entitled to the Settlement Benefits under the Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement Agreement.

23. Any Class Member who wishes to object shall submit a timely written notice of his or her objection by the Objection Deadline, which is within 60 days after the Notice Date. For an objection to be considered by the Court, the objection must comply with all requirements set forth in Section 6.9 of the Settlement Agreement. All objections must be filed or postmarked on or before the Objection Deadline.

24. Any Class Member who does not make their objections in the manner and by the date set forth in the last paragraph shall be deemed to have waived any objections and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court.

25. Without limiting the foregoing, any challenge to the Settlement Agreement, this Order Granting Preliminary Approval of the Class Action Settlement Agreement, and the Final Approval Order and Judgment shall be pursuant to the applicable appellate rules and not through a collateral attack.

**ADMINISTRATION OF SETTLEMENT**

26. The Class Representatives, Class Counsel, and Azura and its counsel have created a process for assessing the validity of claims and a payment methodology to Class Members who submit timely, valid Claim Forms. The Court hereby preliminarily approves the Settlement Benefits to the Settlement Class and the plan for distributing the Settlement Benefits as described in Section 3 of the Settlement Agreement.

27. The Court appoints RG/2 Claims Administration LLC as Settlement Administrator.

28. The Court directs that the Settlement Administrator effectuate the distribution of Settlement Benefits according to the terms of the Settlement Agreement, should the Settlement be finally approved.

29. Class Members who qualify for Settlement Benefits and who wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice.

30. If the Final Approval Order and Judgment are entered, all Class Members who fail to submit a claim in accordance with the requirements and procedures specified in the Notice, and who do not timely exclude themselves from the Settlement Class, shall be forever barred from receiving any payments or benefits pursuant to the Settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained herein and the Final Approval Order and Judgment.

31. The Settlement Fund shall be used by the Settlement Administrator to pay for: (1) Settlement Benefits to those Class Members who submit an Approved Claim; (2) any Service Awards awarded to the Class Representatives; (3) any attorneys' fees and costs and expenses awarded to Class Counsel; (4) all Notice and Administrative Expenses; and (5) applicable taxes, pursuant to the terms and conditions of the Settlement Agreement.

## **FINAL APPROVAL HEARING**

32. A Final Approval Hearing shall be held on __June 16__, 2025 at 3810 U.S. Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106, Courtroom 3-A at 11:00 a.m., to be noticed on the Settlement Website.

33. The Court may require or allow the Parties and any objectors to appear at the Final Approval Hearing either in person or by telephone or videoconference.

34. At or following the Final Approval Hearing, the Court will determine whether to enter the Final Approval Order and Judgment, and whether to grant the motion for a Fee Award and Costs, and Service Awards. Such proposed Final Approval Order shall, among other things:

(a) Determine that the Settlement is fair, adequate, and reasonable; (b) Finally certify the Settlement Class for settlement purposes only; (c) Determine that the Notice Plan satisfies Due Process requirements; (d) Bar and enjoin all Releasing Parties from asserting any of the Released Claims at any time and in any jurisdiction, including during any appeal from the Final Approval Order, bar and enjoin all Releasing Parties from pursuing any Released Claims against Released Parties at any time and in any jurisdiction, including during any appeal from the Final Approval Order, and retain jurisdiction over the enforcement of the Court's injunctions; (e) Release Defendant and the Released Parties from the Released Claims; and (f) Reserve the Court's continuing and exclusive jurisdiction over the Parties to the Settlement Agreement, including Defendant, Plaintiffs, all Class Members, and all objectors, to administer, supervise, construe, and enforce the Agreement in accordance with its terms.

35. Class Counsel shall file a motion for attorneys' fees, litigation costs and expenses, and Class Representatives' requests for Service Awards no later than 14 days prior to the Objection Deadline.

36. Class Counsel shall file a motion for final approval of the Settlement no later than 14 days after the Objection Deadline.

## **TERMINATION**

37. This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions, if the Settlement is not finally approved by the Court or is terminated in accordance with Section 10 of the Settlement Agreement.

38. In the event this Agreement is terminated or fails to become effective, then the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this

Agreement, and the parties shall jointly file a status report in the Court seeking to reopen the Action and all papers filed. In such event, the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in this case or in any other action or proceeding for any other purpose, and any order entered by this Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*.

39. In the event the Settlement Agreement is terminated or fails to become effective, all funds in the Settlement Fund shall be promptly returned to Defendant. However, Defendant shall have no right to seek from Plaintiffs, Class Counsel, or the Settlement Administrator the Administrative Expenses paid by or on behalf of Defendant. After payment of any Settlement Administration Costs that have been incurred and are due to be paid from the Settlement Fund, the Settlement Administrator shall promptly return the balance of the Settlement Fund to Defendant following termination.

40. In the event of a termination, the Agreement shall be considered null and void; all of Plaintiffs', Class Counsel's, Defendant's, and Defendant's Counsel's obligations under the Settlement shall cease to be of any force and effect; and the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement. In addition, in the event of such a termination, all the Parties' respective pre-Settlement rights, claims, and defenses will be retained and preserved.

41. In the event the Settlement is terminated in accordance with the provisions of the Agreement, any discussions, offers, or negotiations associated with the Settlement shall not be discoverable or offered into evidence or used in the Action or any other action or proceeding for any purpose. In such event, all Parties to the Action shall stand in the same position as if the Agreement had not been negotiated, made, or filed with the Court.

42. This order shall have no continuing force or effect if Final Judgment is not entered and shall not be construed or used as an admission, concession, or declaration by or against Azura of any fault, wrongdoing, breach, liability, or the certifiability of any class.

## SUMMARY OF DEADLINES

43. The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement and this Order include, but are not limited to:

| | |
|---|---|
| Defendant shall prepare and provide the Class List to the Settlement Administrator | 14 days after the Court enters the Preliminary Approval Order |
| Deadline to mail and email, publish Notices (the "Notice Date") | No later than 35 days after the Court enters the Preliminary Approval Order |
| Deadline to File Motion for Fee Award and Costs, and Service Awards | At least 14 days prior to the Objection Deadline |
| Deadline to File Requests for Exclusion and Objections to Settlement | 60 days after the Notice Date |
| Deadline to file Motion for Final Approval of Settlement | Within 14 days after the Objection Deadline |
| Deadline to File Claim Form | 90 days after the Notice Date |
| Final Approval Hearing date | TBD [no earlier than 120 days after entry of the Preliminary Approval Order] |

**IT IS SO ORDERED, ADJUDGED, AND DECREED:**

Date: __February 24__, 2025

/s/ Michael M. Baylson
HONORABLE MICHAEL M. BAYLSON
UNITED STATES DISTRICT JUDGE