IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN GRAVLEY, SR., TYRONE BANKS, BARBARA WELZENBACH, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br>      v.<br><br>FRESENIUS VASCULAR CARE, INC. d/b/a AZURA VASCULAR CARE,<br><br>                    Defendant. | Case No. 2:24-cv-01148-MMB<br><br>CLASS ACTION |

**SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS' UNOPPOSED
MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Andrew W. Ferich (PA Bar 313696)
**AHDOOT & WOLFSON, PC**
201 King of Prussia Road, Suite 650
Radnor, PA 19087
Telephone: (310) 474-9111
aferich@ahdootwolfson.com

Benjamin F. Johns (PA Bar 201373)
**SHUB JOHNS & HOLBROOK LLP**
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
Conshohocken, PA 19428
Telephone: (610) 477-8380
bjohns@shublawyers.com

*Interim Co-Lead Class Counsel for Plaintiffs*

I. **INTRODUCTION**

On June 16, 2025, this Court held the Final Approval Hearing to consider the fairness of the class action settlement in this case. During the hearing, the Court indicated it is likely to grant final settlement approval, but, consistent with the Court's remarks at the hearing, on June 25, 2025, the Court ordered Class Counsel to submit additional information while its ruling on final approval is held under advisement. ECF No. 44.

Specifically, the Court asked that counsel submit the following information and materials: (1) a copy of Defendant's notice letter to the class offering class members credit monitoring services; (2) detailed timekeeping records for certain attorneys on the case, which the Court authorized to be filed *in camera* and under seal; (3) authority to support Class Counsel's billing rates; (4) a citation to the *Labcorp* case in the United States Supreme Court; and (5) a final accounting of the claims and proposed payments to Settlement Class Members under the Settlement Agreement. Plaintiffs provide this supplemental brief and supporting materials to address these requests.

II. **AZURA'S POST BREACH NOTICE LETTER**

Attached at **Exhibit A** is a copy of the post-incident notification letter ("Notice Letter") that Azura sent to impacted persons after the Data Breach. As discussed in the Notice Letter, Azura offered 24 months of Experian's IdentityWorks product, which includes (among other things) credit monitoring, identity restoration services, and up to $1 million in identity theft insurance. *See* Ex. A.

III. **CLASS COUNSEL'S DETAILED TIME RECORDS**

The requested detailed time records for Mr. Shub, Mr. Johns, and Ms. Holbrook of Shub Johns & Holbrook LLP, and Mr. Ahdoot, Mr. Ferich, and Ms. Brown of Ahdoot & Wolfson, PC

1

are attached as **Exhibit B** and—having received the Court's permission to do so—are being submitted under seal and for *in camera* review only, pursuant to LR 5.1.2(6) and 5.1.5. *See* ECF No. 44 at 1 ("Counsel may file these timekeeping records under seal."). These records include updated time through Friday, July 11, 2025, for these attorneys, but do not account for their ongoing work beyond that date, and do not capture the significant time of other timekeepers at their firms (which was previously submitted in the Fee Motion).

As set forth in detail in the Fee Motion, Motion for Final Approval, and accompanying counsel declarations, all attorney and law firm time was reasonable in the views of experienced Class Counsel, and was necessary to bring about the excellent result achieved for the Settlement Class in this case. These records further demonstrate that the requested attorneys' fees are reasonable and should be granted in full.

### IV. CLASS COUNSEL'S BILLING RATES AND MULTIPLIER ARE ROUTINELY APPROVED, ARE APPROPRIATE, AND SHOULD BE APPROVED

Class Counsel's billing rates should be approved. They are reasonable, appropriate, and in line with the rates amongst their peers, as has been confirmed by other Courts in this District (including in data breach cases) and across the country. Support for this position was offered at length in the Fee Motion.

In determining appropriate rates for attorneys' fees, "the court should assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (citations omitted). Thus, courts considering hourly rates in data breach cases often look to the hourly rates in similar data breach cases. *See, e.g.*, *In re Hudson's Bay Co. Data Sec. Incident Consumer Litig.*, No. 18-cv-8472 (PKC), 2022 WL 2063864, at *19 (S.D.N.Y. June 8, 2022) (data breach case wherein the

court found the hourly rates consistent with the hourly rates in other data breach class actions brought in various circuits).

Rates similar to those advanced here are consistently approved in the Eastern District of Pennsylvania and in other courts, including in data breach cases. The late Hon. Gene E. K. Pratter observed **six years ago** in a data breach case in this District where the "rates range from $202 to $975 per hour" that "Courts have considered similar rates reasonable in the past." *Fulton-Green v. Accolade, Inc.*, No. 18-cv-0274, 2019 WL 4677954, at *12 (E.D. Pa. Sept. 24, 2019) (citation omitted); *see*, *e.g.*, *In re Onix Grp., LLC Data Breach Litig.*, No. 23-cv-2288-KSM. 2024 WL 5107594, at *16 (E.D. Pa. Dec. 13, 2024) (Marston, J.) (hourly rates were found reasonable where the top rate was $1,057, Mr. Johns' rate was $1,000, and Ms. Holbrook's rate was $850, with the other timekeepers' rates being lower based on role and/or years of experience); *In re Philadelphia Inquirer Data Sec. Litig.*, No. 24-cv-2106-KSM, 2025 WL 845118, at *15 (E.D. Pa. Mar. 18, 2025) (Marston, J.) (hourly rates were found reasonable where Mr. Johns' rate was $1,000 and Ms. Holbrook's rate was $850, with the other timekeepers' rates being lower based on role and/or years of experience); *Barletti, et al. v. Connexin Software Inc. d/b/a Office Practicum*, No. 22-cv-04676-JDW (E.D. Pa. July 24, 2024) (ECF No. 93) (Wolson, J.) (granting motion for attorneys' fees where the top rate was $1,180, Mr. Shub's then-current rate was $975, Mr. Johns' then-current rate was $915, Mr. Ferich's then-current rate was $850, and Ms. Holbrook's then-current rate was $800, with the other timekeepers' rates being lower based on role and/or years of experience); *In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.*, No. 13-md-2445, 2024 WL 815503, at *17 (E.D. Pa. Feb. 27, 2024) (Goldberg, J.) (hourly rates were found reasonable where top rate was $1,550 and the other hourly rates worked progressively downward); *In re Viropharma Inc. Sec. Litig.*, No. 12-cv-2714, 2016 WL 312108, at *18 (E.D. Pa. Jan. 25, 2016)

3

(Jones II, J.) (concluding, in 2016, that hourly rates between $610 to $925 for partners, $475 to $750 for of counsel, and $350 to $700 for other attorneys were reasonable); *Dennis v. Jastrzembski*, No. 18-cv-2689, 2025 WL 1582452, at *3 (E.D. Pa. June 4, 2025) (Sanchez, J.) (approving rates between $715 and $1,150 in a non-class action, single event case); *see also Ayala v. Commonwealth Health Physician Network, et al.*, No. 2023-cv-3008, (C.P. Lackawanna Cty. Oct. 29, 2024) (approving Mr. Ferich's then-current rate of $850 in a data breach settlement); *Steinhardt, et al. v. Volkswagen Group of America, Inc., et al.*, No. 23-cv-02291 (D.N.J. Oct. 8, 2024) (Kirsch, J.) (approving Mr. Ahdoot's then-current rate of $1,200, Mr. Ferich's then-current rate of $850, and an associate's then-current rate of $675); *Finn, et al. v. Empress Ambulance Serv., LLC*, Index No. 61058/2023 (Sup. Ct. New York Westchester Cty. (approving Ahdoot Wolfson founding partner's then-current rate of $1,200 and Mr. Ferich's then-current rate of $850); *Harbour v. California Health & Wellness Plan*, No. 21-cv-03322-EJD, 2024 WL 171192, at *8 (N.D. Cal. Jan. 16, 2024) (approving AW's then-current rates of $850 for partners and $1,200 for senior partners); *Hasbrook v. EP Glob. Prod. Sols.*, No. 23STCV19711 (Cal. Super. Ct., Feb. 25, 2025) (hourly rates were found reasonable where Mr. Shub's rate was $1,050, Mr. Johns' rate was $1,000, and Ms. Holbrook's rate was $850).

The rates in this case also comport with the Laffey Matrix[1]:

| Year | Adjustment Factor | 8-10 Years Out of Law School | 11-19 Years Out of Law School | 20+ Years Out of Law School |
|---|---|---|---|---|
| 6/01/24- 5/31/25 | 1.080182 | $839 | $948 | $1141 |

Here, the relevant lawyers' years of experience demonstrate that their rates are reasonable under the Laffey Matrix:

---

[1] The methodology of calculation and benchmarking for this Updated Laffey Matrix has been approved in a number of cases. *See, e.g., DL v. D.C.*, 267 F. Supp. 3d 55, 69 (D.D.C. 2017), *vacated and remanded,* 924 F.3d 585 (D.C. Cir. 2019); *see also* http://www.laffeymatrix.com/see.html (last visited July 11, 2025).

4

| Attorney | Title | Years of Experience | Rate | Laffey Matrix Rate |
|---|---|---|---|---|
| Robert Ahdoot | Partner | 31 | $1,300 | $1,141 |
| Andrew Ferich | Partner | 13 | $900 | $948 |
| Alyssa Brown | Associate | 11 | $800 | $839 |
| Jonathan Shub | Partner | 36 | $1,050 | $1,141 |
| Benjamin Johns | Partner | 20 | $1,000 | $1,141 |
| Samantha Holbrook | Partner | 14 | $850 | $948 |

Courts in this District and other Pennsylvania courts also have found that percentage-of-the-fund requests and lodestar multipliers similar to or greater than those sought here are reasonable. *See, e.g.*, *In re Onix Grp., LLC Data Breach Litig.*, 2024 WL 5107594, at *14 (approving a 33% fee in a case where no motion to dismiss had been filed or briefed and recognizing that "courts regularly approve fee awards around this size") (citation omitted); *Gravely v. PetroChoice LLC.,* No. 19-cv-5409, 2022 WL 2316174, at *2 (E.D. Pa. June 28, 2022) (35% fee "in line with fee awards approved by courts in the Third Circuit") (citation omitted); *In re Philadelphia Inquirer Data Sec. Litig.*, 2025 WL 845118, at *15 (approving a 33.33% fee); *Brenneman v. Keystone Rural Health Ctr.*, No. 2023-618 (Pa. Ct. Comm. Pls. Aug. 15 2023) (approving a 35% of the common fund as attorney's fee award at similar stage of litigation); *Sorace v. Wells Fargo Bank, N.A.*, No. 20-cv-4318, 2024 WL 643229, at *13 (E.D. Pa. Feb. 15, 2024) (approving a 3.0 lodestar multiplier)*, aff'd,* No. 24-cv-1498, 2024 WL 5116797 (3d Cir. Dec. 16, 2024); *Katz v. DNC Servs. Corp.*, No. 16-cv-5800, 2024 WL 454942, at *15 (E.D. Pa. Feb. 6, 2024) (approving a 2.08 lodestar multiplier); *Moore v. Indep. Blue Cross, LLC,* No. 23-cv-0566, 2024 WL 4756903, at *3 (E.D. Pa. Nov. 12, 2024) (approving multiplier of 1.60); *In re Suboxone*, 2024 WL 815503, at *18 (approving a lodestar multiplier of 1.5).

Plaintiffs' and Class Counsel's request a 35% fee award, which reflected a modest 1.24 multiplier on May 16, 2025 (two months ago) at the time they filed the Fee Motion. That multiplier has since decreased given the level of work that has been performed since (e.g., drafting and filing the Final Approval Motion, preparing for the Final Approval Hearing, attending and arguing at the Final Approval Hearing, regularly addressing class member inquiries about the Settlement, drafting this supplemental brief, etc.). The requested amounts for fees and expenses are deserved and should be granted.

V.  **THE *LABCORP* LITIGATION**

At the Final Approval Hearing, Class Counsel noted recent litigation involving Labcorp that went before the Supreme Court that underscored the risk undertaken in this case (and class actions in general). The Court then requested a citation to the *Labcorp* case that was previously pending in the United States Supreme Court. The Ninth Circuit case is found at: *Davis v. Lab'y Corp. of Am. Holdings*, No. 22-55873, 2024 WL 489288 (9th Cir. Feb. 8, 2024), *cert. granted in part*, 145 S. Ct. 1133, 220 L. Ed. 2d 428 (2025), and *cert. dismissed as improvidently granted*, 145 S. Ct. 1608 (2025); and the United States Supreme Court decision dismissing the writ of certiorari as improvidently granted is found at: *Lab'y Corp. of Am. Holdings v. Davis*, 145 S. Ct. 1608 (2025).

The excellence of the Settlement and the appropriateness of the fee requested are further bolstered by the fact that the *Labcorp* litigation was pending before the Supreme Court throughout this litigation and posed a significant risk to this case.

VI.  **ACCOUNTING OF CLAIMS AND PAYMENTS**

The Court has requested a final accounting of the claims and proposed payments to class members under the Settlement Agreement. The Claims Deadline for the Settlement expired on

6

June 30, 2025. The Settlement Administrator is still finalizing the review of claims and conducting a quality assurance review; however, as of July 14, 2025, the following statistics and an estimated payment amount are available:

- Current total claims: 12,809
    - Current valid claims for *pro rata* cash payments: 12,637
    - Current claims for documented loss payments: 15
    - Claims by non-class members (invalid): 157
- Current claims rate: 3.83%
- Current estimated *pro rata* payment amount: $134.77
- Opt-outs: 4
- Objections: 0

*See* **Exhibit C**, Supplemental Declaration of Jessie T. Montague Regarding Settlement Administration.

### VII.     CONCLUSION

Class Counsel worked diligently to obtain the excellent Settlement achieved here. It should be approved. Given the high quality of Class Counsel's work, so should the requested fees and expenses, which are in line with well-established precedent in this District and the Third Circuit. Plaintiffs respectfully request that the Court grant final settlement approval, grant the Fee Motion in full, and enter the Final Approval Order.

Dated: July 15, 2025

*/s/ Andrew W. Ferich*
Andrew W. Ferich (PA Bar 313696)
**AHDOOT & WOLFSON, PC**
201 King of Prussia Road, Suite 650
Radnor, PA 19087
Telephone: (310) 474-9111
aferich@ahdootwolfson.com

Benjamin F. Johns (PA Bar 201373)
**SHUB JOHNS & HOLBROOK LLP**
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
Conshohocken, PA 19428
Telephone: (610) 477-8380
bjohns@shublawyers.com

*Interim Co-Lead Class Counsel for Plaintiffs*

8

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 15th day of July 2025, a true and correct copy of the above and foregoing was filed with the Clerk of Court via the Court's CM/ECF system for electronic service on all counsel of record.

*/s/ Andrew W. Ferich*
Andrew W. Ferich